PATRICK COONEY v. EDWARD COONEY.

APPELLATE COURT MUST ACT UPON THE RECORD, IRRESPECTIVE OF ITS KNOWLEDGE OF FACTS.

Appellate court reverses an order appointing a receiver, where bill of exceptions, allowed without the knowledge of opposite counsel, by inadvertance, omits evidence upon which appointment was leased, and contains only incompetent affidavits in opposition thereto, although satisfied from statements of counsel that the material allegations of plaintiff were sustained in the court below.

ON ERROR to the Court of Common Pleas of Hamilton county.

SMITH, J.

We regret that we are compelled to reverse the judgment or order of the court of common pleas appointing a receiver in this case. The allegations of the petition of the plaintiff below, Edward Cooney, make a clear case, if true, for the appointment of such a receiver, but the answer filed by the defendant below, denies each and every allegation of the petition; the burden therefore was upon the plaintiff to show that the allegations of his petition were true. We are satisfied from what was said by counsel before us at the hearing of the case, that at the hearing of the application for a receiver before the court of common pleas, the material allegations of the petition were conceded to be true, and on the part of the defendant the only evidence produced was a number of affidavits, which constituted no defense to the claim of the plaintiff, and consisted principally of a course and scurrilous attack on the character of the plaintiff.

A bill of exceptions, however, was allowed by the trial judge without the knowledge of counsel for plaintiff below, as is claimed, doubtless by inadvertance, which purports to contain all of the evidence, but which does not contain any evidence offered by plaintiff or any admission made in court at the hearing by defendant's counsel, and only contains the affidavits of the defendant referred to. Of course on the record there is no evidence to support the averments of the petition and the order appointing the receiver must be reversed.

*Isaac B. Matson* and *Alfred B. Benedict*, for plaintiff in error.

*S. A. Miller*, contra.